FILED-WD

2003 SEP -9 AM 10: 09

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action 03 C 50361 |
| v. | ) ) | |
| FPM L.L.C., d/b/a FPM Ipsen Heat Treating | ) ) | |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Ruben Cruz, Polo Berrumen, Silvino Castaneda, David Perez, Carolos Cruz, Luis de la Fuente, Jose Villareal, John Lucio, Nestor Quiles, and Jimmy Rocha and a class of Hispanic employees who were adversely affected by such practices.

### JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1), § 706(f)(3), 42 U.S.C. §2000e-5(f)(1) §2000e-5(f)(3).

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, 42 U.S.C. §§ 2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.



DOCKETED
SEP 0 9 2003

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1), Title VII, 42 U.S.C. §2000e-5(f)(1).

6. At all relevant times, Defendant FPM L.L.C. d/b/a FPM Ipsen Heat Treating ("FPM L.L.C.") has continuously been a corporation doing business in Winnebago County, Illinois.

7. At all relevant times, FPM L.L.C. has continuously had at least fifteen (15) employees.

8. At all relevant times, FPM L.L.C. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. On January 7, 2002, more than thirty (30) days prior to the institution of this lawsuit, Ruben Cruz filed a charge of discrimination with the Commission alleging violations of Title VII by FPM L.L.C. (known as FPM Ipsen Heat Treating). On January 8, 2002, more than thirty (30) days prior to the institution of this lawsuit, Luis de la Fuente, Silvino Castaneda, David Perez, Polo Berrumen, Carlos Cruz, Jose Villareal, and John Lucio, filed a charges of discrimination with the Commission alleging violations of Title VII by FPM L.L.C. (known as FPM Ipsen Heat Treating). On January 24, 2002, more than thirty (30) days prior to the institution of this lawsuit, Nestor Quiles filed a charge of discrimination with the Commission alleging violations of Title VII by FPM L.L.C. (known as FPM Ipsen Heat Treating). On April 3, 2002, more than thirty (30) days prior to the institution of this lawsuit, Jimmy Rocha filed a charge of discrimination with the Commission alleging violations of Title VII by FPM L.L.C. (known as FPM Ipsen Heat Treating).

10. On September 10, 2002, the EEOC issued a Letter of Determination to FPM L.L.C.



finding that Respondent had discriminated against Hispanic employees as a class by subjecting Hispanic employees to different terms and conditions of employment and terminating and constructively discharging Hispanic employees based on their national origin and/or in retaliation for opposing discrimination.

11. Pursuant to 42 U.S.C. § 2000e-5(f)(1), EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through conciliation prior to institution of this lawsuit but EEOC was unable to secure an acceptable conciliation agreement.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. From at least February 2001 until the present, Defendants have engaged in national origin discrimination against Hispanic employees as a class in continuing violation of §703(a) and §704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 2000e-3(a). These unlawful employment practices include, but are not limited to:

(a) subjecting Hispanic employees to different terms and conditions of employment including but not limited to assigning Hispanic employees to the Belts Department, which requires work in the most extreme and consistent heat in the plant and under the worst working conditions, depriving them of the necessary safety equipment, and paying Hispanic employees reduced wages by including without limitation depriving them of paid breaks, all on account of their national origin;

(b) terminating Hispanic employees because of their national origin or in retaliation for their complaints about working conditions for Hispanic employees;

(c) causing a class of employees to resign their employment because of continued disparate treatment on the basis of their Hispanic national origin or in retaliation for their complaints about discrimination, thus constructively discharging them;

(d) failing to take prompt and appropriate corrective action in response to complaints or other notice of discrimination on the basis of Hispanic national origin;

14. The result of the practices complained of in paragraph 13 has been to deprive Ruben



Cruz, Polo Berrumen, Silvino Castaneda, David Perez, Carolos Cruz, Luis de la Fuente, Jose Villareal, John Lucio, Nestor Quiles, and Jimmy Rocha and other Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

15. The unlawful employment practices complained of above were and are intentional.

16. The unlawful employment practices complained of in paragraph 13 were done with malice or with reckless indifference to the federally protected rights of Ruben Cruz, Polo Berrumen, Silvino Castaneda, David Perez, Carolos Cruz, Luis de la Fuente, Jose Villareal, John Lucio, Nestor Quiles, and Jimmy Rocha and a class of Hispanic employees.

### **PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of national origin;

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of national origin, and which eradicate the effects of its unlawful employment practices;

C. Order Defendants to make whole Ruben Cruz, Polo Berrumen, Silvino Castaneda, David Perez, Carolos Cruz, Luis de la Fuente, Jose Villareal, John Lucio, Nestor Quiles, and Jimmy Rocha and a class of Hispanic employees who were terminated or constructively discharged by the unlawful practices alleged above, and by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to rightful place reinstatement to those employees who were terminated or constructively discharged in violation of Title VII;

D. Order Defendants to make whole Ruben Cruz, Polo Berrumen, Silvino Castaneda, David Perez, Carolos Cruz, Luis de la Fuente, Jose Villareal, John Lucio, Nestor Quiles, and



Jimmy Rocha and a class of Hispanic employees adversely affected by the unlawful employment practices alleged above by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices, in amounts to be determined at trial;

E. Order Defendants to make whole Ruben Cruz, Polo Berrumen, Silvino Castaneda, David Perez, Carolos Cruz, Luis de la Fuente, Jose Villareal, John Lucio, Nestor Quiles, and Jimmy Rocha and a class of Hispanic employees adversely affected by the unlawful employment practices alleged above by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

F. Order Defendants to pay punitive damages for their malicious and reckless conduct described in paragraphs 13-15 above, in amounts to be determined at trial;

G. Prohibit Defendants from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this law suit;

H. Grant such further relief as this Court deems necessary and proper in the public interest; and

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

DATED this ____ day of September 2003.

        Respectfully submitted,

        Eric S. Dreiband
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        Equal Employment Opportunity
        Commission
        1801 "L" Street, N.W.
        Washington, D.C. 20507

        _____
        John C. Hendrickson
        Regional Attorney

        _____
        Noelle Brennan
        Supervisory Trial Attorney

        _____
        Deborah L. Hamilton
        Trial Attorney

        Equal Employment Opportunity
        Commission
        500 West Madison Street
        Suite 2800
        Chicago, Illinois 60661
        (312) 353-7649

 
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

FILED-WD

2003 SEP -9 AM 10: 09

# Civil Cover Sheet

U.S. DISTRICT COURT

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

County of Residence:

Plaintiff's Atty: Deborah L. Hamilton
Equal Employment Opportunity Commission
500 W. Madison, Suite 2800
Chicago, IL 60661
312-353-7649

**Defendant(s):** FPM L.L.C.

County of Residence:

Defendant's Atty:

**03C50361**

II. Basis of Jurisdiction: **1. U.S. Gov't Plaintiff**

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:- **N/A**
Defendant:- **N/A**

DOCKETED
SEP 0 9 2003

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **442 Employment**

VI. Cause of Action: **Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981 a, to correct the unlawful employment practices on the basis of national origin.**

VII. Requested in Complaint
   Class Action:
   Dollar Demand:
   Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** _Deborah L Hmn_

**Date:** 9/8/03

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

FILED-WD
2003 SEP -9 AM 10: 09
U.S. DISTRICT COURT

In the Matter of

Equal Employment Opportunity Commission,
    Plaintiff,
v.
FPM L.L.C.
    Defendant.

Case Number: 03 C 50361

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Deborah L. Hamilton | NAME: Noelle C. Brennan |
| FIRM: Equal Employment Opportunity Commission | FIRM: Equal Employment Opportunity Commission |
| STREET ADDRESS: 500 W. Madison, Suite 2800 | STREET ADDRESS: 500 W. Madison, Suite 2800 |
| CITY/STATE/ZIP: Chicago, IL 60661 | CITY/STATE/ZIP: Chicago, IL 60661 |
| TELEPHONE: 312-353-7649 / FAX: 312-353-8555 | TELEPHONE: 312-353-7582 / FAX: 312-353-8555 |
| E-MAIL: deborah.hamilton@eeoc.gov | E-MAIL: noelle.brennan@eeoc.gov |
| ARDC No. 06269891 | ARDC No. 06210804 |
| MEMBER OF TRIAL BAR? NO ☑ | MEMBER OF TRIAL BAR? YES ☑ |
| TRIAL ATTORNEY? YES ☑ | TRIAL ATTORNEY? YES ☑ |
| | DESIGNATED AS LOCAL COUNSEL? |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: John C. Hendrickson | NAME: |
| FIRM: Equal Employment Opportunity Commission | FIRM: |
| STREET ADDRESS: 500 W. Madison, Suite 2800 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60661 | CITY/STATE/ZIP: |
| TELEPHONE: 312-353-8551 / FAX: 312-353-8555 | TELEPHONE / FAX: |
| E-MAIL: john.hendrickson@eeoc.gov | E-MAIL: |
| ARDC No. 01187589 | |
| MEMBER OF TRIAL BAR? YES ☑ | MEMBER OF TRIAL BAR? |
| TRIAL ATTORNEY? YES ☑ | TRIAL ATTORNEY? |
| DESIGNATED AS LOCAL COUNSEL? | DESIGNATED AS LOCAL COUNSEL? |

DOCKETED SEP 0 9 2003