IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | |
| and | ) ) | Case No. 03 C 50361 |
| Ruben Cruz, Carlos Cruz, Luis De La Fuente, Jimmy Rochas, Silvino Castaneda, David Perez, Jose Villareal, John Lucio, Nestor Quiles, and Polo Berumen, | ) ) ) ) ) | Judge Phillip G. Reinhard<br><br>Magistrate Judge<br>Michael P. Mahoney |
| Intervenor-Plaintiffs | ) | |
| v. | ) ) | |
| FPM L.L.C., d/b/a FPM Ipsen Heat Treating Defendant. | ) ) ) ) | |

DOCKETED
NOV 19 2004

## CONSENT DECREE

### THE LITIGATION

1.  On September 9, 2003, the EEOC filed suit against FPM L.L.C., d/b/a FPM Ipsen Heat Treating ("FPM") alleging unlawful employment practices on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. Among the allegations, EEOC alleged that FPM subjected Hispanic employees to different terms and conditions of employment including but not limited to assigning Hispanic employees to the Belts Department, which requires work in the most extreme and consistent heat in the plant and under the worst working conditions, depriving them of the necessary safety equipment, and paying Hispanic employees reduced wages, all on account of their national origin as well as terminating Hispanic employees because of their national origin or in retaliation for their complaints about working conditions for Hispanic employees.

1

2. On November 24, 2003, Ruben Cruz, Carlos Cruz, Luis De La Fuente, Jimmy Rochas, Silvino Castaneda, David Perez, Jose Villareal, John Lucio, Nestor Quiles, and Polo Berumen, each of whom had previously filed a Charge of Discrimination with the EEOC, intervened in the litigation as Plaintiff-Intervenors.

3. FPM denied all allegations of the EEOC action and of the Plaintiff-Intervenors.

4. As a result of their having engaged in comprehensive settlement negotiations, the EEOC, Plaintiff-Intervenors and FPM agree the claims against FPM should be fully and finally resolved by entry of this Consent Decree ("Decree").

## FINDINGS

5. Having examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

A. This Court has jurisdiction of the subject matter of this action and of the parties to this case;

B. The terms of this Decree are adequate, reasonable, equitable and just and the rights of the EEOC, the Plaintiff-Intervenors, FPM, and the public interest are adequately protected by this Decree; and

C. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the EEOC, the Plaintiff-Intervenors, FPM, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTIVE RELIEF

6. FPM, its directors, officers, agents, assigns, and employees are permanently

enjoined from engaging in any employment practice which discriminates on the basis of national origin.

7. FPM shall not retaliate in any way against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under or benefitted from this Decree.

## MONETARY RELIEF FOR COMPLAINANTS AND ATTORNEYS FEES

8. (a) FPM shall pay a total of $20,000 in monetary relief for non-wage, compensatory damages to the Plaintiff-Intervenors in the aggregate, $2,000 for each individual Plaintiff-Intervenor, which will be reflected in an IRS 1099 form. Upon entry of this Consent Decree, the Plaintiff-Intervenors' counsel shall mail to each Plaintiff-Intervenor a Release Agreement in the form that was separately agreed upon by Plaintiff-Intervenors and FPM. To be eligible for relief pursuant to this Consent Decree, each of the Plaintiff-Intervenors must execute and return to the Plaintiff-Intervenors' counsel the Release Agreement in the agreed upon form. Plaintiff-Intervenors' counsel will send to FPM the executed Release Agreement it receives from each Plaintiff-Intervneor. Within ten (10) days of FPM's receipt of an executed Release Agreement, FPM shall mail to Plaintiff-Intervenor's counsel a check for $2,000 in the name of the individual who signed the release. FPM shall also mail a copy of each such check to the EEOC at the address set forth in Paragraph 22, below.

(b) FPM shall pay a total of $10,000 to Soule, Bradtke & Lambert ("SBL"), representing reimbursement for costs incurred and fees expended by SBL in the case.

## REEMPLOYMENT FOR POLO BERRUMEN AND SILVINO CASTANEDA

9. Within seven (7) days of the entry of this Decree, FPM shall offer reemployment to Plaintiff-Intervenors Polo Berrumen and Silvino Castaneda to positions at FPM's Cherry Valley facility for which Berrumen and Castaneda shall receive hourly wages and benefits equivalent to (or in excess of) that received at the time of their layoffs in the summer of 2004. Berrumen and Castaneda may be terminated at any time for cause. Berrumen and Castaneda shall not be terminated by FPM (except for cause) so long as any other current factory employee of the Cherry Valley facility with less seniority remains employed at any FPM facility. Should these individuals decline the offer of reemployment, FPM agrees that it will not take any action with regard to such individuals' unemployment benefits.

## RECORD-KEEPING

10. In order to enable the EEOC to monitor the relief afforded by this Decree for the duration of this Decree, FPM shall maintain and make available for inspection and copying by the EEOC upon reasonable notice during normal business hours all documents and records which refer or relate to employee complaints regarding national origin discrimination made subsequent to the entry of this Decree.

11. FPM shall make all documents or records referred to in Paragraph 10, above, available for inspection and copying within ten (10) days after the EEOC so requests. In addition, FPM shall make available upon reasonable notice and during normal business hours all persons within its employ whom the EEOC requests for the purpose of verifying compliance with this Decree, and shall permit upon reasonable notice and normal business hours the EEOC to enter FPM premises during regular business hours for such purpose.

12. Nothing contained in this Decree shall be construed to limit any obligation FPM

may otherwise have to maintain records under Title VII or any other law or regulation.

## ADOPTION AND DISTRIBUTION OF REVISED POLICY AGAINST NATIONAL ORIGIN DISCRIMINTION

13. FPM shall review its current policy against national origin discrimination and make any revisions FPM deems necessary to comply with the specifications contained in this paragraph. FPM shall thereafter distribute to all employees, full-time and part-time, a copy of such policy (as revised, if appropriate), and FPM shall also provide a copy of the policy (as revised, if appropriate) to the EEOC. Both the review of the policy and its redistribution shall take place within 60 days after the entry of this Decree.

The policy shall specifically prohibit discrimination on the basis of national origin and provide written guidance as to the process for resolving a complaint of national origin discrimination. The policy shall provide that complaints of national origin discrimination may be made to any person in the chain of command above an employee or directly to the Personnel Department. The policy shall provide that employees who violate the policy are subject to discipline up to and including discharge. The policy shall be distributed in both English and Spanish.

## TRAINING

14. FPM will provide training for its employees regarding national origin discrimination throughout the duration of the Consent Decree, as follows:

a) Within one hundred and twenty (120) days after the entry of this Decree, all full-time and part-time FPM managers and supervisors and all non-clerical employees in the Personnel department shall participate in a training session designed for FPM by a trainer selected in accord with the process outlined in paragraph b below. This training will involve detailed discussion of not only the law but the role of each manager and supervisor in

5

maintaining a workplace free of discrimination and retaliation and one which promotes the interests of equal employment opportunities.

b) FPM shall obtain the EEOC's approval of its proposed trainer prior to the training session. FPM shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least twenty (20) days prior to the proposed date(s) of the training. EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event the EEOC does not approve FPM's designated trainer, FPM shall have five (5) calendar days to identify an alternate trainer. The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under Paragraph 18.

## REPORTING

15. FPM shall furnish the EEOC with a list (including the employee's name, gender, job title, address, social security number and date of complaint) of each employee who makes a complaint about alleged national origin discrimination which is recorded pursuant to Paragraph 10. FPM shall furnish the first such report six (6) months after entry of this Decree, and a subsequent report six (6) months thereafter.

16. Nothing contained in this Decree shall be construed to limit any obligation FPM may otherwise have to submit reports under Title VII or any other law or regulation.

## POSTING OF NOTICE

17. While the Cherry Valley facility is operational, FPM shall post a copy of the Notice, attached hereto and incorporated herein by reference as Exhibit A, in a conspicuous

location easily accessible to and commonly frequented by FPM's employees and applicants for employment at the Cherry Valley facility. FPM shall ensure that the posting is not altered, defaced or covered by any other material. FPM shall certify to the EEOC in writing within thirty (30) days after the entry of this Consent Decree that the Notice has been properly posted and the location of each such posting. The Notice shall remain posted for a period of one (1) year from the date of entry of this Decree so long as the Cherry Valley facility is owned and operated by FPM in whole or in part.

## DISPUTE RESOLUTION

18. In the event that any party believes that the another party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fifteen (15) days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

19. Subject to Paragraph 18, all provisions of this Decree shall be in effect for a period of one (1) year immediately following entry of the Decree, provided, however, that if, at the end of that period, any disputes under Paragraph 18, above, remain unresolved, the term of the Decree may be extended by the Court until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

20. The terms of this Decree are and shall be binding upon the present and future

representatives, agents, directors, officers, and assigns of FPM.

21. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

22. When the Decree requires the submission by FPM of reports, notices or other materials to the EEOC, they shall be mailed to: FPM Settlement, Equal Employment Opportunity Commission, Chicago District office, 500 West Madison Street, Suite 2800, Chicago, Illinois 60661. When the Decree requires the submission of documents to FPM, the information shall be mailed to: Stephen E. Garcia, Kaye Scholer LLC, Three First National Plaza, Suite 4100, Chicago, IL 60602. When the Decree requires the submission of documents to the Plaintiff-Intervenors, they shall be mailed to Jim Bradtke & Kelly Lambert, Soule, Bradtke & Lambert, 155 N. Michigan Ave., Suite 500, Chicago, IL 60601.

23. This Decree fully and finally resolves all claims alleged by EEOC and Plaintiff-Intervenors in this action against FPM, including its directors, officers and shareholders.

**ENTER**

_____          Date: November 17, 2004
The Honorable Judge Reinhard
United States District Court

For the EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
John C. Hendrickson
Regional Attorney

_____
Deborah Hamilton
Trial Attorney
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7649

For PLAINTIFF-INTERVENORS

_____
Soule, Bradtke & Lambert
155 N. Michigan Ave., Suite 500
Chicago, IL 60601
312) 616-4422

FOR DEFENDANT FPM LLC

_____
Stephen E. Garcia
Kaye Scholer LLC
Three First National Plaza, Suite 4100
Chicago, IL 60602
(312) 583-2300

9

## EXHIBIT A

### NOTICE TO ALL FPM EMPLOYEES AND APPLICANTS

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. FPM, LLC. Case No. 03 C 50361 resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenors against FPM LLC.

In its suit, the EEOC alleged that FPM discriminated against a class of Hispanic employees by subjecting them to different terms and conditions of employment than non-Hispanic employees and retaliating against them when they complained about this discrimination.

To resolve the case, the parties have entered into a Consent Decree which provides, among other things, that:

1) FPM will provide relief to the class members.

2) FPM will not engage in national origin discrimination including in job assignments.

3) FPM will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination or participated in any Title VII proceeding;

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in FPM's non-discrimination and anti-harassment policy and you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: FPM Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

_November 17, 2004_
Date

_Philip G. Reinhard_
~~Magistrate Judge Mahoney~~

10